J-S21039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN HURLEY, | |
| Appellant | No. 2866 EDA 2014 |

Appeal from the PCRA Order September 8, 2014
in the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0002888-2008

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 06, 2015**

Appellant, Kevin Hurley, appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

The relevant factual and procedural history of this case is as follows. On January 7, 2009, Appellant entered a negotiated guilty plea to four counts of possession with intent to deliver (PWID) and one count of criminal conspiracy.[1]  The charges stem from Appellant's sales of methamphetamine to a confidential informant with the aid of his co-defendants.  On the same date that Appellant entered his plea, January 7, 2009, the trial court

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 903(a)(2), respectively.

sentenced him, in accordance with the plea agreement, to an aggregate term of not less than ten nor more than twenty years' incarceration. The PWID sentences were mandatory minimum terms of incarceration imposed pursuant to 18 Pa.C.S.A. § 7508(a)(4)(i). (*See* Trial Court Opinion, 11/24/14, at 3; N.T. Guilty Plea and Sentencing Hearing, 1/07/09, at 12-13). Appellant did not file post-sentence motions or a direct appeal.

On April 4, 2014, Appellant, acting *pro se*, filed the instant PCRA petition, claiming, *inter alia*, that his sentence is illegal based on the United States Supreme Court's decision in ***Alleyne v. United States***, 133 S. Ct. 2151, 2155 (2013) (holding that, to comply with dictates of Sixth Amendment, facts that increase mandatory minimum sentence are elements of offense and must be submitted to jury and proven beyond reasonable doubt). (*See* PCRA Petition, 4/04/14, at 2-3). The PCRA court appointed counsel to represent Appellant on April 15, 2014. On May 28, 2014, counsel petitioned to withdraw his appearance and filed a ***Turner/Finley***[2] "no merit" letter, stating that Appellant's *pro se* PCRA petition was untimely, that the issues raised in the petition lacked merit, and that after examining the record, he found no meritorious issues to address. On July 18, 2014, Appellant filed a *pro se* response. On September 8, 2014, the court entered

---

[2] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

its order dismissing Appellant's PCRA petition. On September 15, 2014, the court granted counsel's petition to withdraw. This timely appeal followed.[3]

Appellant raises the following issues for our review:

1.      Whether Appellant is entitled to the "new-rule-of-law" announced in **Alleyne v. United States**, declaring mandatory sentences unconstitutional, as followed by the [**Commonwealth v.**] **Natasha Miller** [100 A.3d 293 (Pa. Super. 2014) (unpublished memorandum)], [**Commonwealth v.**] **Munday** [78 A.3d 661 (Pa. Super. 2013)] and [**Commonwealth v.**] **Newman** [99 A.3d 86 (Pa. Super. 2014) (en banc)] cases, and does the constitutionality of retroactivity apply to PCRA cases when the **Alleyne** Court did not specifically declare the ruling to be prospective only, thus, does the new rule of law apply retroactively to PCRA cases when the Appellant timely preserves the issue in the lower court within 60 days of discovering this new rule of law pursuant to the "after discovered" evidence exception to the PCRA timeliness requirements?

2.      Whether the trial court violated Appellant's 5th, 6th, 14th Amendments, right to jury trial, erred or abused its discretion, by sitting as fact finder in non-jury trial, failed to find all the elements as required for an enhanced sentence, weight of or possession of [methamphetamine] exceeds 100 [sic] grams, which was to be proven beyond a reasonable doubt by a jury, and or, by accepting the guilty plea and imposing a mandatory consecutive rather than concurrent sentence without discussing or setting forth the legal metrics or authorities on the record to authorize the sentence imposed?

3.      Whether the PCRA counsel's failure to properly present or litigate issues raised, or failure to amend the PCRA or Supplement PCRA Petitions, or failure to even discuss the "new-rule-of-law" announced in **Alleyne v. United States**, **Miller**,

---

[3] Pursuant to the PCRA court's order, Appellant filed a timely concise statement of errors complained of on appeal on October 31, 2014. **See** Pa.R.A.P. 1925(b). The trial court entered a Rule 1925(a) opinion on November 24, 2014. **See** Pa.R.A.P. 1925(a).

> ***Munday*** and ***Newman*** cases in his motion to withdraw as counsel, and failure to request a hearing prior to the PCRA court dismissing the PCRA Petitions, constitutes ineffective assistance of counsel that violated Appellant's rights under the State Constitution or rule based right to effective assistance of counsel?

> 4.    Whether Appellant's 5th, 6th, 14th Amendments [sic] were violated by the trial counsel's failure to properly advise Appellant that he was subject to a mandatory consecutive rather than concurrent sentence, when Appellant understood the plea agreement included or meant a concurrent sentence, and or by counsel'[s] failure to object to the mandatory consecutive sentence, or by his failure to file a motion to withdraw guilty plea, or file a direct appeal when Appellant requested the same immediately after sentencing, and does the same constitute ineffective assistance of counsel under the State and Federal Constitutions?

> 5.    Whether Appellant's guilty plea was entered as a result of ineffective assistance of counsel or erroneous advi[c]e from counsel, whether the guilty plea was entered without proper knowledge of the consequences or constitutes an involuntary or unknowing plea, and whether Appellant's mandatory consecutive sentence for non-violent offenses is legal or constitutes an illegal sentence, when the U.S. Supreme Court has held such a sentence to be unconstitutional?

(Appellant's Brief, at 3) (quotation marks in original).

> Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013)

(citations and quotation marks omitted).

- 4 -

Before we may consider the merits of Appellant's claim, we must consider whether this appeal is properly before us.

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. . . .

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In this case, Appellant's judgment of sentence became final on February 6, 2009, thirty days after the trial court imposed its sentence and his time for filing a timely direct appeal expired. *See* Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date to file a petition for collateral relief, specifically, until February 8, 2010.[4] *See* 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on April 4, 2014, it is untimely on its face, and the PCRA court lacked jurisdiction to

---

[4] The one-year deadline, February 6, 2010, fell on a Saturday. Therefore, Appellant had until that Monday to file a timely PCRA petition. *See* 1 Pa.C.S.A. § 1908.

review it unless he pleaded and proved one of the statutory exceptions to the time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted). In addition, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant claims the benefit of the exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), alleging a newly-recognized, retroactively-applied constitutional right to relief predicated on the United States Supreme Court's

decision in **Alleyne**, **supra**. (**See** Appellant's Brief, at 14, 22-25).[5] He asserts that his challenge to the legality of his sentence cannot be waived, and that **Alleyne** retroactively applies to this case, rendering his untimely petition reviewable on the merits. (**See id.** at 14, 16, 22-23, 27-28). We disagree.

Initially, we reiterate that the exception set forth in section 9545(b)(1)(iii) applies only where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and **has been held by that court to apply retroactively**." 42 Pa.C.S.A. § 9545(b)(1)(iii) (emphasis added).

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or th[e Pennsylvania] Supreme Court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in

---

[5] The United States Supreme Court decided **Alleyne** on June 17, 2013. Appellant filed the instant PCRA petition approximately ten months later, on April 4, 2014. Therefore, Appellant has failed to comply with the PCRA sixty-day rule. **See** 42 Pa.C.S.A. § 9545(b)(2). Accordingly, Appellant's petition would fail for that reason as well.

writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Commonwealth v. Garcia***, 23 A.3d 1059, 1063 (Pa. Super. 2011), *appeal denied*, 38 A.3d 823 (Pa. 2012) (citations omitted).

Directly instructive to the instant case is this Court's decision in ***Commonwealth v. Miller***, 102 A.3d 988 (Pa. Super. 2014), in which the appellant argued the applicability of section 9545(b)(1)(iii) to his patently untimely PCRA petition. ***See id.*** at 993. Specifically, the appellant averred that the ***Alleyne*** decision announced a new constitutional right that applies retroactively to cases on collateral review. ***See id.*** at 993-94. The ***Miller*** Court disagreed, explaining:

> Even assuming that ***Alleyne*** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that ***Alleyne*** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.
>
> We are aware that an issue pertaining to ***Alleyne*** goes to the legality of the sentence. It is generally true that this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte.* However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. As this Court recently noted, [t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim. As a result, the PCRA court lacked jurisdiction to consider the merits

of Appellant's second PCRA petition, as it was untimely filed and no exception was proven.

*Id.* at 995-96 (quotation marks, footnote, and citations omitted).

In the instant case, although Appellant claims the applicability of section 9545(b)(1)(iii) based on *Alleyne*, neither the United States Supreme Court nor our Supreme Court has held that *Alleyne* applies retroactively to cases on collateral review. *See id*. at 995. "This is fatal to Appellant's argument regarding the PCRA time-bar." *Id.*[6] Therefore, Appellant has not met his burden of proving his untimely petition fits within one of the three exceptions to the PCRA's jurisdictional time-bar. *See id.*; *see also Jones*, *supra* at 17.[7] Accordingly, we conclude that the PCRA court properly

---

[6] We note for the sake of completeness that in *Commonwealth v. Cardwell*, 105 A.3d 748 (Pa. Super. 2014), a case on direct appeal, a panel of this Court held section 7508(a)(4)(i) unconstitutional in light of *Alleyne*, *supra*, *Newman*, *supra*, and *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014). *See Cardwell*, *supra* at 749-50, 755. However, that decision has not been held to apply retroactively to cases on collateral review.

[7] To the extent that Appellant argues application of *Alleyne* pursuant to the "after discovered facts" exception to the time-bar set forth in section 9545(b)(1)(ii), (*see* Appellant's Brief, at 3, 15, 22, 25-26), this argument also fails. Our Supreme Court, in *Commonwealth v. Watts*, 23 A.3d 980 (Pa. 2011), expressly cautioned against confusing the concepts of "fact" and "law", and rejected the notion that a law can be considered a newly-discovered fact capable of invoking the protections afforded by the PCRA's after-discovered facts exception. *See Watts*, *supra* at 986-87 (holding that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA"). Therefore, Appellant's apparent assertion that publication of the *Alleyne* decision qualifies as a previously unknown fact triggering the timeliness exception set forth in section 9545(b)(1)(ii) fails.

dismissed Appellant's petition as untimely with no exception to the time-bar pleaded or proven.

     Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/6/2015</u>